David M. Bennion, USB #5664
Zack L. Winzeler, USB #12280
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
DBennion@parsonsbehle.com
ZWinzeler@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendant Bektrom Foods, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>BEKTROM FOODS, INC., a North Dakota corporation,<br><br>    Defendant. | **ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>Case No. 2:14-CV-00776<br><br>The Honorable Bruce S. Jenkins |

Defendant Bektrom Foods, Inc. ("Bektrom"), by and through its undersigned counsel, hereby responds to the Complaint (the "Complaint") of plaintiff Mrs. Fields Franchising, LLC ("Mrs. Fields") as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Bektrom responds to the allegations of the Complaint as follows:

INTRODUCTION

1. Responding to the allegations of paragraph 1 of the Complaint, Bektrom admits that Mrs. Fields asserts in its Complaint a claim for breach of the Merchandising License Agreement (the "License Agreement") entered into by the parties on May 1, 2011. Bektrom asserts that the Licensing Agreement speaks for itself, and denies the remaining allegations and characterizations set forth in paragraph 1.

PARTIES

2. Bektrom denies the allegations of paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

3. Bektrom admits the allegations of paragraph 3 of the Complaint.

JURISDICTION AND VENUE

4. Bektrom admits the allegations of paragraph 4 of the Complaint.

5. Responding to the allegations of paragraph 5 of the Complaint, Bektrom admits that it consented to personal jurisdiction in this jurisdiction under Section 41 of the License Agreement. Bektrom denies the remaining allegations set forth in paragraph 5.

6. Responding to the allegations of paragraph 6 of the Complaint, Bektrom admits that venue in this forum is proper under Section 41 of the License Agreement. Bektrom denies the remaining allegations set forth in paragraph 6.

FACTUAL ALLEGATIONS

7. Bektrom denies the allegations of paragraph 7 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

8. Responding to the allegations of paragraph 8 of the Complaint, Bektrom admits that it entered into the License Agreement with Mrs. Fields on or about June 28, 2011. Bektrom asserts that the License Agreement speaks for itself, and denies any characterizations in paragraph 8 that are inconsistent with the express terms of the License Agreement.

9-11. Responding to the allegations of paragraphs 9 through 11 of the Complaint, Bektrom asserts that the License Agreement speaks for itself, and denies any characterizations in paragraphs 9 through 11 that are inconsistent with the express terms of the License Agreement.

12. Bektrom denies the allegations of paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

13. Bektrom admits the allegations of paragraph 13 of the Complaint.

14. Bektrom denies the allegations of paragraph 14 of the Complaint and specifically asserts that Mrs. Fields waived its right to the installment payment referenced in paragraph 14 and, in addition, Bektrom's performance under the License Agreement was excused by Mrs. Fields' breaches of the implied covenant of good faith and fair dealing inherent in the License Agreement, as detailed in the Counterclaim.

15. Responding to the allegations of paragraph 15 of the Complaint, Bektrom admits that it paid the amount referenced in paragraph 15, but denies that it failed to provide the Royalty Reports to Mrs. Fields.

16. Bektrom denies the allegations of paragraph 16 of the Complaint and specifically asserts that by August 27, 2014, Mrs. Fields had already waived its right to pursue Bektrom for alleged payment defaults and, in addition, Bektrom's performance under the License Agreement

was excused by Mrs. Fields' breaches of the implied covenant of good faith and fair dealing inherent in the License Agreement, as detailed in the Counterclaim.

17. Bektrom denies the allegations of paragraph 17 of the Complaint and specifically asserts that by September 30, 2014, Mrs. Fields had already waived its right to pursue Bektrom for alleged payment defaults and, in addition, Bektrom's performance under the License Agreement was excused by Mrs. Fields' breaches of the implied covenant of good faith and fair dealing inherent in the License Agreement, as detailed in the Counterclaim.

18. Responding to the allegations of paragraph 18 of the Complaint, Bektrom admits that Mrs. Fields purported to terminate the License Agreement on October 23, 2014, but denies that Mrs. Fields had the grounds to terminate referenced in paragraph 18.

19. Responding to the allegations of paragraph 19 of the Complaint, Bektrom asserts that the License Agreement speaks for itself, and denies any characterizations in paragraph 19 that are inconsistent with the express terms of the License Agreement.

20. Bektrom denies the allegations of paragraph 20 of the Complaint.

## COUNT I
(Breach of Contract)

21. Bektrom incorporates by reference its responses to paragraphs 1 through 20, above.

22. Bektrom admits the allegations of paragraph 22 of the Complaint.

23-24. Bektrom denies the allegations of paragraphs 23 and 24 of the Complaint.

25. Bektrom denies each and every allegation of the Amended Complaint not specifically admitted above.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, estoppel, ratification, laches and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of accord and satisfaction, payment, offset, and/or release.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because Mrs. Fields failed to mitigate its damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the first breach rule.

### EIGHTH AFFIRMATIVE DEFENSE

Mrs. Field's claims are barred by its failure to perform a condition precedent, including but not limited to its duty of good faith and fair dealing, thereby excusing performance by Bektrom.

### NINTH AFFIRMATIVE DEFENSE

Mrs. Fields waived any claim to minimum "Guarantees" under the License Agreement because it agreed after the execution of the License Agreement to accept royalty payments based on actual sales (which Bektrom has already paid) in lieu of the minimum "Guarantees."

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by Mrs. Fields' fraudulent inducement of the License Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

The License Agreement is illusory and unenforceable.

### TWELFTH AFFIRMATIVE DEFENSE

Bektrom expressly reserves the right to assert additional defenses, by way of affirmative defenses, counterclaims, and/or third-party claims, as additional facts are disclosed in the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, Bektrom prays as follows:

1. That the Complaint against Bektrom be dismissed with prejudice and Mrs. Fields take nothing therefrom;

2. For an award of its reasonable attorney's fees and costs incurred in defending against the Complaint pursuant to Utah Code Ann. § 78B-5-825; and

3. For such other and further relief as the Court may deem just and proper.

### COUNTERCLAIM

Bektrom, by and through undersigned counsel, hereby counterclaims and alleges against Mrs. Fields as follows:

### PARTIES

1. Counterclaimant Bektrom is a North Dakota corporation with its principal place of business in Monroe Michigan.

2.     On information and belief, counterclaim defendant Mrs. Fields is a Delaware limited liability company with its principal place of business in Broomfield, Colorado.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332 because Bektrom and Mrs. Fields are citizens of different states and the amount in controversy exceeds $75,000.

4.     Venue is proper in this forum pursuant to Section 41 of the License Agreement.

5.     Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, this Court has jurisdiction over this Counterclaim as it arises out of the same transactions or occurrences that are the subject matter of Mrs. Fields' Complaint and it does not require adding another party over whom the court cannot acquire jurisdiction.

## GENERAL ALLEGATIONS

6.     Bektrom and Mrs. Fields executed and entered into the License Agreement on or about June 28, 2011.

7.     Under the License Agreement, Bektrom licensed from Mrs. Fields the right to use, among other things, Ms. Fields' logos, brands, names, and trademarks on the following merchandise:

> (i) spice shakers (e.g. cinnamon sugar, sprinkles, ice cream toppings), (ii) spice grinders (e.g. cinnamon essence, candy cane), (iii) dry baking mixes (e.g. cupcakes, cookies, cake mixes), pancake mixes (e.g. chocolate chip, blueberry, maple syrup), biscuit mix, brownies and other baking mixes . . . .

(License Agreement, § 4.)  The foregoing merchandise shall hereinafter be referred to as the "Licensed Products."

8. Under Section 21.2 of the License Agreement, Mrs. Fields retains the "sole discretion" to approve or disapprove Bektrom's Artwork/Samples for the Licensed Products. (License Agreement, § 21.2.) Under the same section, Bektrom is not allowed to "manufacture, use, offer for sale, sell, advertise, ship or distribute any Licensed Products" without Mrs. Fields' prior written approval of the Artwork/Samples. (*Id.*)

9. Also under Section 21.2, any Artwork/Samples submitted to Mrs. Fields that are not approved in ten days after receipt of the same by Mrs. Fields are deemed to have been disapproved. (*Id.*)

10. Over the course of the parties' dealings, Mrs. Fields regularly misused its discretion under Section 21.2 in the following non-exhaustive ways: (1) failing to review, let alone approve, Artwork/Samples for Licensed Products submitted by Bektrom, or otherwise failing or refusing entirely to respond to Bektrom's requests for review and approval of Artwork/Samples for Licensed Products; (2) improperly withholding approval for Artwork/Samples for Licensed Products submitted by Bektrom in an attempt to extract payments from Bektrom; (3) initially granting approval for certain Artwork/Samples for Licensed Products submitted by Bektrom only to later withdraw approval after Bektrom had expended resources developing and manufacturing the Licensed Products; and (4) refusing entirely to review or approve Artwork/Samples for spice shakers submitted by Bektrom.

## **FIRST COUNTERCLAIM**
### **(Breach of Implied Covenant of Good Faith and Fair Dealing)**

11. Bektrom incorporates by reference paragraphs 1 through 10 as if fully set forth herein.

12. Implied in the License Agreement is a covenant for the parties to act in good faith and deal fairly with one another. Under this implied covenant, parties cannot intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract.

13. A party, such as Mrs. Fields, who retains express power or discretion under a contract must exercise that power or discretion reasonably and in good faith.

14. As set forth herein, Mrs. Fields exercised its discretion under Section 21.2 of the License Agreement in a way that denied Bektrom the reasonably expected benefit of the parties' bargain. Specifically, by failing to review or otherwise refusing to respond to Bektrom's requests for approval for certain Artwork/Samples for Licensed Products, by improperly attempting to use its discretion to approve Artwork/Samples for Licensed Products to extract money from Bektrom, by granting approval for Artwork/Samples for Licensed Products only to later withdraw it, and by refusing to review or approve Artwork/Samples for spice shakers submitted by Bektrom, Mrs. Fields exercised its discretion outside the range contemplated by Bektrom when it entered into the License Agreement.

15. Mrs. Fields's bad-faith exercise of its discretion under the License Agreement made it impossible for Bektrom to enjoy the fruits of its bargain with Mrs. Fields. To wit, by unreasonably withholding approval for Artwork/Samples for Licensed Products submitted by Bektrom, Mrs. Fields prevented Bektrom from producing, manufacturing, and selling Licensed Products. Deprived of its ability to sell Licensed Products by Mrs. Fields' bad-faith conduct, Bektrom was unable to generate the sales revenue to service the Guarantee Installment payments under the License Agreement.

16. Bektrom has been damaged by Mrs. Fields' breach of the implied covenant in an amount to be determined at trial. Additionally, as a result of Mrs. Fields' bad-faith actions which impeded Bektrom's performance under the License Agreement, Bektrom is entitled to an order and judgment excusing Bektrom from performance under the License Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Bektrom prays for judgment against Mrs. Fields as follows:

1. Judgment in favor of Bektrom be entered requiring that Mrs. Fields pay damages in an amount to be fully determined at trial;

2. An order declaring that Bektrom's performance under the License Agreement is excused by Mrs. Fields' breaches of the implied covenant of good faith and fair dealing;

3. For reasonable costs and attorneys' fees to the extent permitted by law, statute or agreement; and

4. For such other and further relief as deemed appropriate by the Court.

DATED February 2, 2015.

/s/ Zack L. Winzeler
David M. Bennion
Zack L. Winzeler
PARSONS BEHLE & LATIMER

*Attorneys for Defendant Bektrom Foods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2015 that a true and correct copy of the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIM** was served upon the following counsel of record through the court's CM/ECF electronic filing system:

**Rod N. Andreason**
randreason@kmclaw.com,aarmstrong@kmclaw.com


                                                    /s/ Zack L. Winzeler