Rod N. Andreason (Bar No. 8853)
  *randreason@kmclaw.com*
KIRTON | MCCONKIE
400 Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, UT 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Attorneys for Plaintiff Mrs. Fields Franchising, LLC*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company, Plaintiff, vs. BEKTROM FOODS, INC., a North Dakota corporation, Defendant. | **ANSWER TO AMENDED COUNTERCLAIMS** Civil No. 14-00776-BSJ |

Plaintiff Mrs. Fields Franchising, LLC ("MFF"), by and through its counsel of record, Rod N. Andreason and Kirton McConkie, hereby responds to the Amended Counterclaims (the "Counterclaims") of defendant Bektrom Foods, Inc. ("Bektrom") as follows:

## PARTIES

1.     MFF admits the allegations of Paragraph 1 of the Counterclaims.

2.     MFF admits the allegations of Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3.      MFF admits the allegations of Paragraph 3 of the Counterclaims.

4.      MFF admits the allegations of Paragraph 4 of the Counterclaims.

5.      MFF admits the allegations of Paragraph 5 of the Counterclaims.

## GENERAL ALLEGATIONS

6.      Responding to the allegations of Paragraph 6 of the Counterclaims, MFF admits the MFF and Bektrom entered into the License Agreement and that Bektrom's signature on the License Agreement dated as of June 28, 2011 appears to be dated as of June 28, 2011.

7.      Responding to the allegations of Paragraph 7 of the Counterclaims, MFF asserts that the License Agreement speaks for itself, denies any characterizations in Paragraph 7 that are inconsistent with the express terms of the License Agreement, and admits that Bektrom paid $75,000 pursuant to the terms of the License Agreement.

8.      Responding to the allegations of Paragraph 8 of the Counterclaims, MFF asserts that the License Agreement speaks for itself, and denies any characterizations in Paragraph 8 that are inconsistent with the express terms of the License Agreement.

9.      Responding to the allegations of Paragraph 9 of the Counterclaims, MFF asserts that the License Agreement speaks for itself, and denies any characterizations in Paragraph 9 that are inconsistent with the express terms of the License Agreement.

10.     MFF denies the allegations of Paragraph 10 of the Counterclaims.

11.     Responding to the allegations of Paragraph 11 of the Counterclaims, MFF asserts that the License Agreement speaks for itself, denies any characterizations in Paragraph 11 that are inconsistent with the express terms of the License Agreement, and otherwise denies the allegations of Paragraph 11 of the Counterclaims.

4850-9590-1992.v1

12.     Responding to the allegations of Paragraph 12 of the Counterclaims, MFF asserts that the License Agreement speaks for itself, denies any characterizations in Paragraph 12 that are inconsistent with the express terms of the License Agreement, and otherwise denies the allegations of Paragraph 12 of the Counterclaims.

13.     MFF denies the allegations of Paragraph 13 of the Counterclaims.

14.     Responding to the allegations of Paragraph 14 of the Counterclaims, MFF admits that it had a contractual relationship with Global Icons, LLC, and refers to the terms of that contract for its terms.

15.     Responding to the allegations of Paragraph 15 of the Counterclaims, MFF asserts that the License Agreement speaks for itself and denies any characterizations in Paragraph 15 that are inconsistent with the express terms of the License Agreement, and states that it is without sufficient knowledge or information to admit or deny the allegations of paragraph 15 of the Complaint, and therefore denies same.

16.     Responding to the allegations of Paragraph 16 of the Counterclaims, MFF is without sufficient knowledge or information to admit or deny the allegations of paragraph 16 of the Complaint, and therefore denies same.

17.     Responding to the allegations of Paragraph 17 of the Counterclaims, MFF refers to the terms of the August 22, 2014 letter for its terms, and otherwise denies the allegations of Paragraph 17 of the Counterclaims.

18.     Responding to the allegations of Paragraph 18 of the Counterclaims, MFF asserts that the License Agreement and the emails between MFF and Bektrom speak for themselves, denies any characterizations in Paragraph 18 that are inconsistent with the express terms of the

License Agreement or those emails, and otherwise denies the allegations of Paragraph 18 of the Counterclaims.

19.     Responding to the allegations of Paragraph 19 of the Counterclaims, MFF asserts that the emails between MFF and Bektrom speak for themselves, denies any characterizations in Paragraph 18 that are inconsistent with the express terms of those emails, and otherwise denies the allegations of Paragraph 19 of the Counterclaims.

20.     Responding to the allegations of Paragraph 20 of the Counterclaims, MFF asserts that the License Agreement and the emails between MFF and Bektrom speak for themselves, denies any characterizations in Paragraph 20 that are inconsistent with the express terms of the License Agreement or those emails, and otherwise denies the allegations of Paragraph 20 of the Counterclaims.

21.     MFF denies the allegations of Paragraph 21 of the Counterclaims and lacks knowledge of Global Icon's opinions.

22.     Responding to the allegations of Paragraph 22 of the Counterclaims, MFF asserts that the License Agreement and the emails between MFF and Bektrom speak for themselves, denies any characterizations in Paragraph 22 that are inconsistent with the express terms of the License Agreement or those emails, and otherwise denies the allegations of Paragraph 22 of the Counterclaims.

23.     Responding to the allegations of Paragraph 23 of the Counterclaims, MFF asserts that the License Agreement speaks for itself, denies any characterizations in Paragraph 23 that are inconsistent with the express terms of the License Agreement, and otherwise denies the allegations of Paragraph 23 of the Counterclaims.

24.     MFF denies the allegations of Paragraph 24 of the Counterclaims.

4850-9590-1992.v1

## FIRST COUNTERCLAIMS

25.     MFF incorporates by reference its responses to paragraphs 1 through 24, above.

26.     MFF admits the allegations of Paragraph 26 of the Counterclaims.

27.     Responding to the allegations of Paragraph 27 of the Counterclaims, MFF asserts that the License Agreement speaks for itself, denies any characterizations in Paragraph 23 that are inconsistent with the express terms of the License Agreement, and otherwise denies the allegations of Paragraph 27 of the Counterclaims.

28.     MFF denies the allegations of Paragraph 28 of the Counterclaims.

29.     MFF denies the allegations of Paragraph 29 of the Counterclaims.

30.     MFF denies the allegations of Paragraph 30 of the Counterclaims.

## SECOND COUNTERCLAIMS

31.     MFF incorporates by reference its responses to paragraphs 1 through 30, above.

32.     Paragraph 32 of the Counterclaims contains purported legal conclusions to which no response is required.

33.     Paragraph 33 of the Counterclaims contains purported legal conclusions to which no response is required.

34.     MFF denies the allegations of Paragraph 34 of the Counterclaims.

35.     MFF denies the allegations of Paragraph 35 of the Counterclaims.

36.     MFF denies the allegations of Paragraph 36 of the Counterclaims.

## THIRD COUNTERCLAIMS

37.     MFF incorporates by reference its responses to paragraphs 1 through 36, above.

4850-9590-1992.v1

38.     Paragraph 38 of the Counterclaims contains purported legal conclusions to which no response is required.

39.     MFF admits the allegations of Paragraph 39 of the Counterclaims.

40.     MFF admits the allegations of Paragraph 40 of the Counterclaims.

41.     Paragraph 41 of the Counterclaims contains purported legal conclusions to which no response is required.

42.     Paragraph 42 of the Counterclaims contains purported legal conclusions to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrines of waiver, estoppel, ratification, laches and/or acquiescence.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred because Bektrom has failed to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the first breach rule.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by Bektrom's failure to perform a condition precedent.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are subject to recoupment, setoff and/or offset.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the applicable statute of limitations.

4850-9590-1992.v1

## EIGHTH AFFIRMATIVE DEFENSE

MFF expressly reserves the right to assert additional defenses, by way of affirmative defenses, counterclaims and/or third-party claims, as additional facts are disclosed in the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, MFF prays as follows:

1.      That the Counterclaims against MFF be dismissed with prejudice and Bektrom take nothing therefrom;

2.      For an award of its reasonable attorneys' fees and costs incurred in defending against the Counterclaims pursuant to Utah Code Ann. § 78B-5-825; and

3.      For such other and further relief as the Court may deem just and proper.

DATED this   4th   day of September, 2015

Respectfully submitted,

KIRTON MCCONKIE

By: /s/ Rod N. Andreason
　　　Rod N. Andreason
　　　Attorneys for Plaintiff Mrs. Fields'
　　　Franchising, LLC

4850-9590-1992.v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2015, I caused a true and correct copy of the foregoing **ANSWER TO AMENDED COUNTERCLAIMS** to be delivered by the method indicated below to the following:

|  |  |  |
|---|---|---|
| [   ] | U.S. MAIL | David M. Bennion |
| [   ] | HAND DELIVERY | *dbennion@parsonsbehle.com* |
| [   ] | FAX TRANSMISSION | Zack L. Winzeler |
| [   ] | FEDERAL EXPRESS | *zwinzeler@parsonsbehle.com* |
| [ X ] | CM/ECF | Parsons Behle & Latimer |
|  |  | 201 South Main Street, Suite 1800 |
|  |  | Salt Lake City, UT  84111 |

/s/ Lisa Sledge

4850-9590-1992.v1